# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
# UTICA DIVISION

## Alexander Pirnie Federal Building & U.S. Courthouse

## 10 Broad Street, Utica, NY 13501

| | | |
|---|---|---|
| **Peter Polinski, Natural Person, Sui Juris** | ) | **Case No.** 6:25-cv-1781 (AMN/ML) |
| **Plaintiff in Equity** | ) | |
| | ) | Judge: To Be Assigned |
| **v.** | ) | |
| | ) | |
| **Vanessa A. Houck** | ) | VERIFIED CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND PETITION FOR WRIT OF REPLEVINI. INTRODUCTION |
| **Defendant** | | |

**VERIFIED CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 AND PETITION**

**FOR WRIT OF REPLEVINI. INTRODUCTION**

This is a civil action seeking immediate and permanent relief for the unlawful taking and wrongful detention of Plaintiff's private trust property, a Weimaraner dog named Ares Jamoke Polinski, by Defendant Vanessa A. Houck. Defendant has filed fraudulent claims, committed perjury in two separate Family Court proceedings in Oneida County, and used false reports to police in order to deprive Plaintiff of his property and constitutional rights.

Plaintiff brings this action under:

1

- The Fifth Amendment Takings Clause,

- The Fourth and Fourteenth Amendments (unlawful seizure and due process),

- 42 U.S.C. § 1983 / § 1988 (civil rights violations under color of law), and

- Supplemental jurisdiction for a state-law claim in replevin.

## II. JURISDICTION & VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

2. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Utica, Oneida County, within the Northern District of New York.

## III. PARTIES

- **Plaintiff:** Peter Polinski, the rightful and sole owner of Ares Jamoke Polinski, purchased December 16, 2018. Ares was conveyed into a private asset trust, with Plaintiff holding equitable and beneficial title.

- **Defendant:** Vanessa A. Houck, Plaintiff's former partner, who unlawfully detains Ares at 421 Jeanette Dr., Utica, NY 13502.

## IV. FACTS

1. On December 16, 2018, Plaintiff lawfully purchased Ares Jamoke Polinski (receipt attached as *Exhibit A*).

2. Ares is private trust property, transferred by deed of conveyance and UCC-3 assignment filing no. 2022111881253 (*Exhibit B*).

2

3. On or about July 19, 2022, Defendant filed a fraudulent family court petition (Docket O-02251-22) containing perjury, claiming ownership rights she did not have.

4. On or about 2024, Defendant again filed a false family court petition in Docket O-02474-24, File No. 33974, repeating perjured statements under oath in an attempt to gain a no-contact order and to continue depriving Plaintiff of his property.

5. On December 18, 2022, Ares escaped Defendant's cruel restraints and sought refuge with Plaintiff. Defendant retaliated by filing a false police report with Utica Police, resulting in harassment of Plaintiff.

6. On May 24, 2024, Defendant again perjured herself and involved Utica Police (including Officer in Car 58), leading to attempted unlawful arrest under a fraudulent warrant by Judge Ralph Eannace.

7. Defendants have engaged in a pattern of abuse of process: multiple perjured filings in family court, false police reports, harassment through sheriffs at false addresses, and continued detention of Plaintiff's property.

8. Plaintiff never gifted, sold, or transferred ownership of Ares to Defendant.

9. Defendant has chained Ares, denied him proper veterinary care, and placed him at risk of illness and destruction, constituting animal cruelty and irreparable harm.

10. Plaintiff and Defendant were never married, share no children, and have no contractual relationship, cohabitation agreement, or financial obligations between them. At the time Defendant filed the first Family Court petition (Docket O-02251-22), Plaintiff had already vacated the shared residence for more than one hundred twenty (120) days. There existed no domestic relationship or legal nexus that would give the Family Court subject-matter jurisdiction. Defendant's filings were therefore fraudulent and void ab initio,

3

intended solely to harass and deprive Plaintiff of his lawful property, Ares Jamoke Polinski.

## V. CLAIMS FOR RELIEF

### Count I – Fifth Amendment Taking Without Just Compensation

Defendant, aided by state actors, has unlawfully deprived Plaintiff of his property without due process or just compensation.

### Count II – Fourth Amendment Violations

The unlawful seizure of Plaintiff's property and harassment by law enforcement, based on false statements, constitute violations of Plaintiff's constitutional rights to be secure in his property against unreasonable searches and seizures.

### Count III – 42 U.S.C. § 1983 Civil Rights Violations

Defendant, acting in concert with Utica Police, Oneida County Sheriffs, and state family courts, deprived Plaintiff of rights secured by the Constitution, actionable under §1983 and §1988.

### Count IV – State Law Claim in Replevin

Defendant wrongfully detains Ares Jamoke Polinski, valued at $1,000, and refuses to return him despite repeated demands.

### Count V – Lanham Act Violations (15 U.S.C. § 1125(a))

Defendant knowingly and willfully used Plaintiff's protected name, mark, and identity in commercial legal processes, including filings in Family Court and police complaints, for the

purpose of seizing property and creating financial and legal obligations without Plaintiff's consent.

Such unauthorized and fraudulent use in commerce constitutes false designation of origin, misrepresentation, and infringement in violation of the Lanham Act.

Plaintiff elects statutory damages of $500,000 per violation, totaling $1,000,000, plus costs, interest, punitive damages, and all other relief this Court deems just and proper.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully prays this Court:

1. Issue an emergency prejudgment writ of replevin directing the immediate return of Ares Jamoke Polinski. Defendant may first comply voluntarily by delivering Ares directly to Plaintiff's father, Peter Anthony Polinski, at his residence.

2. In the event Defendant refuses or obstructs, direct the Sheriff of Oneida County or the United States Marshals Service to seize and deliver Ares Jamoke Polinski forthwith to Plaintiff's father, Peter Anthony Polinski.

3. Enter a temporary restraining order and preliminary injunction enjoining Defendant from interference, harassment, further perjury, or retaliatory police involvement.

4. Award compensatory and punitive damages for emotional distress, harassment, and deprivation of constitutional rights.

5. Award attorney's fees and costs under 42 U.S.C. § 1988.

6. Grant such further relief as justice and equity require.

7. Issue an injunction prohibiting Defendant, law enforcement, and the Oneida County Family Court from taking any further action in Docket O-02251-22 or O-02474-24 while this federal action is pending.

8. Declare the state cases void or unenforceable as they were obtained through perjury, fraud on the court, and abuse of process.

9. Order the production of all records, filings, fee registers, financial entries, ledgers, and internal case-accounting documents associated with Docket O-02251-22 and O-02474-24, and direct a full forensic audit to determine whether any charges, assessments, financial instruments, or monetary entries were created in Plaintiff's name without lawful authority.

10. Seal, expunge, or remove Docket O-02251-22 and O-02474-24 from public record due to fraud, lack of evidence, and constitutional violations.

11. Award statutory damages under the Lanham Act, 15 U.S.C. § 1125(a), in the amount of $1,000,000 for the two instances of unauthorized commercial use of Plaintiff's registered name and mark.

12. Permit execution against Defendant's real and personal property if monetary judgment is not satisfied.

13. Order that any funds, assessments, or financial entries identified through the forensic audit be formally reported and that the responsible agencies provide a corrected accounting to Plaintiff as the party of record and the person entitled to notice.

## VII. VERIFICATION

I, Peter Joseph Polinski, declare under penalty of perjury pursuant to 28 U.S.C. § 1746(1) that

the foregoing is true and correct to the best of my knowledge.

**Exhibit A:** Bill of sale or receipt for Ares (proof of purchase).
**Exhibit B:** Deed of conveyance or trust assignment showing Ares placed into your private trust.
**Exhibit C:** UCC-3 filing (proof of ownership and recordation).
**Exhibit D:** Photo of Ares (visual identification).
**Exhibit E** – Copy of Oneida County Family Court Complaint, Docket O-02251-22
**Exhibit F** – Copy of Oneida County Family Court Complaint, Docket O-02474-24

Executed this 9th day of December, 2025.

1 Timothy 1:8-11 King James Version

By:_____
Peter-Joseph: Royal House Polinski,
Creditor, Settlor, and living Sui Juris Beneficiary
II Corinthians 5:20, Mark 4:41, John 3:20
Galatians 5:1, John 3:16, Psalm 1John 8:44-47
Mark 11:15–17, Matthew 21:12–13 King Jimmy
All Rights Reserved UCC 1-308

Love and Light

7